UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
**CHARLENE CONNORS,**                       )
                                            )
      Petitioner,                       )
                                            )  Civil Action No.
      v.                                )  14-14569-FDS
                                            )
**MASSACHUSETTS PAROLE BOARD,**             )
                                            )
      Respondent.                       )
_____)

## MEMORANDUM AND ORDER ON
## MOTION FOR A CERTIFICATE OF APPEALABILITY

**SAYLOR, J.**

Petitioner Charlene Connors was convicted in Middlesex County Superior Court on five counts of fiduciary embezzlement under Mass. Gen. Laws ch. 266, § 57. She was sentenced to concurrent terms of three to six years in state prison on two counts, and a concurrent ten-year term of probation on and after her prison sentence on the remaining three counts.

On December 18, 2014, Connors filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court denied that petition on April 25, 2016. Connors now seeks a certificate of appealability ("COA") in order to appeal the denial of her habeas petition. For the reasons that follow, that motion will be granted.

To appeal the final order in a proceeding instituted under 28 U.S.C. § 2254, the petitioner must first obtain a COA from a circuit justice or a district court. *See* 28 U.S.C. § 2253(c). A COA will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or

that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Petitioner contends that the Commonwealth did not provide sufficient evidence to the jury to establish her mental state for the alleged crime and that the jury instructions given at her trial were improper. With respect to the first contention, this Court determined that a rational jury could have found beyond a reasonable doubt that Connors knowingly participated in the embezzlement. The Court also concluded that the allegedly improper jury instructions stripped the jury of its ability to determine an element of the crime or that they directed the jury toward a verdict for the State. Petitioner's contentions, while ultimately rejected by this Court, represent a substantial showing of the denial of a constitutional right. Further, a reasonable jurist could disagree with the Court's conclusions.

Accordingly, a certificate of appealability is GRANTED as to petitioner's claims that the evidence at trial was insufficient to sustain a conviction and that the jury instructions given violated her Fifth, Sixth, and Fourteenth Amendment rights.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: May 16, 2016